**IT IS ORDERED as set forth below:**



**Date: June 3, 2013**

_____
**Margaret H. Murphy
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RYAN MICHAEL GRAHAM, | ) | CASE NO. **13-53104** - MHM |
| MICHELLE LAPID GRAHAM, | ) | |
| Debtors. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |
| | ) | |
| RYAN MICHAEL GRAHAM, | ) | |
| MICHELLE LAPID GRAHAM, | ) | |
| Movants, | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| PNC BANK, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO STRIP LIEN**

On February 20, 2013, Debtors filed a motion seeking a determination of the secured status of the claim of PNC Bank, Inc. ("Respondent") (Doc. No. 10) ("Motion").

Debtors assert that Respondent holds a claim secured by a deed to secure debt on their real

property known generally as 1725 Dyson Drive, Fulton County, Atlanta, Georgia (the "Property"); that Respondent's deed to secure debt is subordinate to a prior deed to secure debt; and that the value of the Property is less than the amount of debt secured by the prior deed to secure debt. Debtors assert that the Motion and notice of hearing were properly served on Respondent, who filed no response and did not oppose the Motion at the hearing.

The Motion seeks to void the junior security interest held by the Respondent pursuant to 11 U.S.C. §§506(a) and (d). *In re McNeal*, 2012 WL 1649853 (11th Cir. 2012), holds that the relief Debtors seek should be granted. Because *McNeal* is an unpublished decision, however, it is not binding precedent pursuant to 11th Cir. R. 36-2 (2012). Nevertheless, the Court in *McNeal* concludes that controlling precedent on this issue in the Eleventh Circuit is *In re Folendore,* 862 F. 2d 1537 (11th Cir. 1989), notwithstanding the Supreme Court's ruling after *Folendore* in *Dewsnup v. Timm,* 502 U.S. 410 (1992). As *McNeal* and *Follendore* provide a basis for the relief the Motion seeks and Respondent has not opposed the Motion, it is hereby

**ORDERED** that the Motion is ***granted:*** Respondent's lien on the Property is deemed ***void*** with respect to Debtors' interest in the Property and shall be extinguished automatically, without further court order, upon entry of the Chapter 7 discharge in this case. It is further

**ORDERED** that in the event this case is dismissed, in accordance with 11 U.S.C. § 349 (b) (1) (C), Respondent's lien shall not be affected by this Order; however, in the event this case is converted to a case under another Chapter of the Bankruptcy Code, the rights of Respondent with regard to its lien shall be governed by the provisions of the Bankruptcy Code applicable in the converted case so that the lien of Respondent shall not be affected by this Order.

[END OF DOCUMENT]

Prepared by:
Will B. Geer
State Bar No. 940493

17 Executive Park Drive, NE, Suite 115
Atlanta, Georgia 30329
telephone: 678-587-8740
fax: 404-287-2767
email: *willgeer@atlbankruptcyhelp.com*
**Attorney for Debtors**

## DISTRIBUTION LIST:

Law Office of Will B. Geer, LLC
17 Executive Park Drive, NE
Suite 115
Atlanta, Georgia 30329

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

PNC Bank, Inc.
William S. Demchak, CEO
249 Fifth Avenue
Pittsburgh, PA 15222-2702

PNC Bank, Inc.
Registered Agent: Corporation Service Company
40 Technology South, Suite 300
Norcross, Georgia 30092